IN THE UNITED STATES
DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

Dicam, Inc.

    *Plaintiff*,

-v-

United States Cellular Corporation and Audiovox Corporation,

    *Defendants*.

**FILED**
OCT - 5 2007
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

07CV5670
JUDGE COAR
MAG. JUDGE MASON

JURY TRIAL DEMANDED

## COMPLAINT

Plaintiff Dicam, Inc. ("Dicam") by and through counsel, for its Complaint against Defendants U.S. Cellular Corporation and Audiovox Corp. (collectively "Defendants") alleges as follows:

### PARTIES AND JURISDICTION

1. Plaintiff Dicam is a Virginia corporation and has a principal place of business in Charlottesville, Virginia.

2. Defendant United States Cellular Corporation ("U.S. Cellular") is a Delaware Corporation and has a principal place of business at 8410 W. Bryn Mawr, Ave., #700, Chicago, IL 60631.

3. Defendant Audiovox Corporation ("Audiovox") is a Delaware corporation and has a principal place of business at 150 Marcus BLVD., Hauppauge, NY 11788.

1

## NATURE OF ACTION

4. This is an action for infringement of United States Patent No. 4,884,132 ("the '132 patent") under 35 U.S.C. § 271.

## JURISDICTION AND VENUE

5. This action arises under the patent laws of the United States of America, United States Code, Title 35, Section 1, *et seq*. This Court has subject matter jurisdiction over the action under 28 U.S.C. §1331 and 1338.

6. Based on the facts and causes alleged herein, this Court has personal jurisdiction over Defendants.

7. Venue is proper in this Court under 28 U.S.C. §1391 and 1400(b).

## FACTUAL BACKGROUND

8. On November 28, 1989 the '132 patent was issued to inventors James A. Morris, Terry F. Morris and Frank O. Birdsall for a personal security system including a handheld unit.

9. On July 13, 2007, the '132 patent was duly and properly assigned to Plaintiff together with all right, title and interest in and to the '132 patent in the United States, expressly including the right to sue for all damages for past, present and future infringements of the '132 patent. Since that date Plaintiff was and still is the owner of the '132 patent.

## U.S. CELLULAR

10. U.S. Cellular is the sixth-largest wireless service carrier in the United States and serves 6 million customers in 26 states.

11. U.S. Cellular provides cellular services in the Northern District of Illinois and

operates several store locations within the district including 30 N. LaSalle St., Chicago, IL 60602 and 48 S. Clark St., Chicago, IL 60603.

12. U.S. Cellular has sold, offered for sale and advertised cellular telephones embodying the patented invention including those manufactured by Defendant Audiovox.

13. U.S. Cellular has been infringing the '132 patent by selling, offering for sale, importing, and using products embodying the patented invention during the enforceable patent term of the '132 patent.

## AUDIOVOX

14. Audiovox is a supplier and manufacturer of wireless communications products, mobile entertainment, security products, and consumer electronics products. Audiovox cellular phones are sold and advertised throughout the Northern District of Illinois by U.S. Cellular.

15. Audiovox cellular phones are sold, offered for sale and advertised through U.S. Cellular.

16. Audiovox has made, sold, offered for sale, imported and used products embodying the patented invention.

17. Audiovox has been infringing the '312 patent by selling, offering for sale, importing, and using products embodying the patented invention during the enforceable patent term of the '132 patent.

## COUNT 1
## (PATENT INFRINGEMENT)

18. Paragraphs 1 through 17 are incorporated by reference as if fully restated herein.

19. Defendants have been infringing the '132 patent by making, selling, offering for

sale, importing, and using products embodying the patented invention during the enforceable patent term of the '132 patent.

20. After a reasonable opportunity for further investigation and discovery Plaintiff is likely to have evidentiary support that Defendants have willfully infringed the '132 patent.

## DEMAND FOR JURY TRIAL

21. Plaintiff requests a trial by jury for all issues appropriately tried to a jury.

**WHEREFORE**, Plaintiff demands

    i.    damages no less than a reasonable royalty;

    ii.    an assessment of interest and costs against defendants;

    iii.    a finding of willful infringement;

    iv.    a finding that this action is an exceptional case under 35 U.S.C. § 285;

    v.    an award of treble damages and reasonable attorneys' fees; and

    vi.    any and all such other relief as this Court deems just and proper under the circumstances.

Dated: October 5, 2007

*/s/ Robert Breisblatt*
A. Sidney Katz (1411853)
Robert B. Breisblatt (0287946)
Sherry L. Rollo (6283866)
WELSH & KATZ, LTD.
120 South Riverside Plaza,
22nd Floor
Chicago, Illinois 60606

Mark D. Obenshain
Nancy Schlichting
LENHART OBENSHAIN PC
90 North Main Street, Suite 201
PO Box 22803
Harrisonburg, VA 22803

**Counsel for Plaintiff**